# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

JESSICA GERTH,

     Plaintiff,

                                   CASE NO. 20-13295

v.                             HON. DENISE PAGE HOOD

METROPOLITAN LIFE
INSURANCE COMPANY,

     Defendant.

_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [#11] AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [#13]

## I.     INTRODUCTION

On November 6, 2020, Plaintiff Jessica Gerth brought suit against Defendant Metropolitan Life Insurance Company.  Plaintiff is seeking life insurance benefits due to the death of her father, Daryl J. Gerth. After Mr. Gerth's died on January 8, 2020, Defendant paid the life insurance benefits to Mr. Gerth's sister, Tonia Lee, and denied Plaintiff's subsequent claim for the life insurance benefits.  On June 29, 2021, Plaintiff filed a Motion for Summary Judgment [ECF No. 11], and Defendant filed a Motion for Judgment Affirming ERISA Benefits Determination on June 30, 2021. [ECF No. 13]  Both Motions have been fully briefed.

1

## II.    BACKGROUND

Mr. Gerth was a participant in the employee welfare benefit plan sponsored by Chrysler Corporation (the "Plan"), and as such, was a covered employee under a group life insurance policy issued by Defendant pursuant to the Plan.  The Plan explains that upon the insured's death and approval of a claim, Defendant "will pay the Beneficiary the Life Insurance in effect on the date of [the insured's] death." ECF No. 10 at AR000175. "Beneficiary means the person(s) to whom [Defendant] will pay insurance as determined in accordance with the GENERAL PROVISIONS section." *Id*. at AR000168. That section explains in relevant part:

> You [the insured] may designate a Beneficiary in Your application or enrollment form. You may change Your Beneficiary at any time. To do so, You must send a Signed and dated, Written request to the Policyholder using a form satisfactory to Us. Your Written request to change the Beneficiary must be sent to the Policyholder within 30 days of the date You Sign such request. You do not need the Beneficiary's consent to make a change. When We receive the change, it will take effect as of the date You Signed it. The change will not apply to any payment made in good faith by Us before the change request was recorded. If two or more Beneficiaries are designated and their shares are not specified, they will share the insurance equally.

*Id*. at AR000279.

In 1989, Mr. Gerth designated his then-wife and his daughter, Plaintiff, as beneficiaries. *Id*. at AR000030.  After Mr. Gerth divorced, Plaintiff became the sole beneficiary. According to Defendant's records, Mr. Gerth: (a) subsequently

submitted a beneficiary change form on or about January 18, 2012, and designated his sister, Tonia Lee, as his sole primary beneficiary, and designated Plaintiff as a contingent beneficiary, *id*. at AR000032-33; and (b) did not make any subsequent changes to his beneficiary designations prior to his death on January 8, 2020. The record does not contain a hard copy of a signed designation of beneficiary indicating that Tonia Lee was named the sole primary beneficiary in 2012 (or at any other time).

Days after Mr. Gerth died, Tonia Lee submitted a claim for a life insurance benefits under the Plan. *Id*. at AR000004–07. Tonia Lee also completed an assignment of proceeds form, through which she assigned a portion of the proceeds from the life insurance benefit to a funeral home. *Id*. at AR000002. On January 17, 2020, Defendant issued a check to the funeral home for $6,653.00 and a check to Tonia Lee for the remaining proceeds of $87,846.80. *Id*. at AR000105–07.

Plaintiff subsequently submitted a claim to Defendant, also seeking life insurance benefits under the Plan as beneficiary. *Id*. at AR000029. Defendant sent Plaintiff a letter, dated April 9, 2020, denying Plaintiff's claim because:

> According to [Defendant's] records, the latest beneficiary designation on file completed by the decedent on January 18, 2012, names someone other than you [Plaintiff] as the beneficiary. Consequently, MetLife made payment pursuant to the most recent beneficiary designation on file without notice of any adverse claim. Therefore MetLife paid the plan benefits in good faith and our liability on this claims has been fully satisfied.

*Id.* at AR000035. On May 11, 2020, Plaintiff faxed Defendant, requesting "proof of what day [Tonia Lee] got issued as beneficiary," and included with her message a letter of authority authorizing her to act as personal representative of Mr. Gerth's estate. *Id.* at AR000043. Defendant responded by letter on May 18, 2020, enclosing a copy of the designations available to Defendant and explaining:

> The latest beneficiary designation on file was received electronically from the benefit administrator for this group customer. We are advised by them that the beneficiary was last updated in 2012, but the specific date of the change could not be provided to us, and the actual designation change for[m] or mechanism could not be provided to us. The enclosed pages represent all of the beneficiary information for Mr. Gerth that is available to our office.

*Id.* at AR000046.

Later in 2020, Plaintiff sent Defendant a letter asking it to reopen her claim on administrative appeal. *Id.* at AR000060. On September 23, 2020, Defendant sent Plaintiff a letter asking her to provide the materials she was relying on to support her appeal. *Id.* at AR000063. Plaintiff did not make any submissions to Defendant in response. *Id.* at AR000126.

## III.   LEGAL STANDARD

Section 1132 is the civil enforcement provision of ERISA which states:

> A civil action may be brought ... by a participant or beneficiary ... to recover benefits due to [her] under the terms of [the] plan, to enforce [her] rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.

29 U.S.C. § 1132(a)(1)(B). A denial of benefits "is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 103, 115 (1989). If a plan gives the administrator such discretion the administrator's decision is reviewed under the "highly deferential arbitrary and capricious standard." *Miller v. Metropolitan Life Ins. Co.*, 925 F.2d 979, 983 (6th Cir. 1991). Such decisions are not arbitrary and capricious if they are "rational in light of the plan's provisions." *Id*. at 984. "Discretionary authority" does not hinge on the word "discretion" or any other "magic word." *Perez v. Aetna Life Ins. Co.*, 150 F.3d 550, 555 (6th Cir. 1998). It is the breadth of the administrator's power–their authority "to determine eligibility for benefits or to construe the terms of the plan." *Id*. The parties agree that the standard of review in this case is the arbitrary and capricious standard. As to the merits of the case, the district court conducts a review based solely upon the administrative record and renders findings of fact and conclusions of law.

## IV.   ANALYSIS

"ERISA requires that a plan administrator discharge his duties 'in accordance with the documents and instructions governing the plan. . . .'" *McMillan v. Parrott*, 913 F.2d 310, 311 (1990) (citing 29 U.S.C. § 1104(a)(D) (1985)). Plaintiff contends

that Defendant acted arbitrarily and capriciously because it did not discharge its duties to change beneficiaries in accordance with the Plan.  Plaintiff argues that there is no evidence that Defendant relied upon a written change of beneficiaries because Defendant does not have a physical copy of the form on which Mr. Gerth allegedly designated Tonia Lee as beneficiary.  Plaintiff also argues that Defendant notified Plaintiff in writing that neither the specific date of the alleged change or "the actual designation for change of mechanism" could be provided to Plaintiff.  For these reasons, Plaintiff contends that Defendant is unable to show the Court that the change of beneficiary was made consistent with the Plan – or "eliminate the possibility that someone else acting on their own made the change."  In support of her argument, Plaintiff cites *Guardian Life Ins. of Am. v. Madole*, 48 F.Supp.2d 26 (D.D.C. 1999), for the proposition that employee benefit plans under ERISA are to be administered according to their controlling documents. For these reasons, Plaintiff believes she is entitled to the proceeds of the Plan as the designated beneficiary.

Defendant counters that it is entitled to summary judgment for several reasons: (1) the Plan documents were adhered to when paying out the claim to Tonia Lee, the most recently designated beneficiary; (2) it paid the claim to Tonia Lee in good faith based on its records; and (3) Plaintiff failed to appeal Defendant's denial

of her later-filed claim.  Defendant first insists that it has no obligation to pay out a claim only if there is a signed hard copy of a designated beneficiary.  Defendant notes that the Plan includes several definitions relevant to determining this action, most notably definitions for "written or writing" and "signed."  Pursuant to the Plan, "**Written** or **Writing** means a record which is on or transmitted by paper or electronic media which is acceptable to [Defendant] and consistent with applicable law." ECF No. 10 at AR000169 (emphasis in original).  "**Signed** means any symbol or method executed or adopted by a person with the present intention to authenticate a record, which is on or transmitted by paper or electronic media which is acceptable to [Defendant] and consistent with applicable law." *Id* (emphasis in original).

Defendant contends that, under those definitions, Mr. Gerth only needed to send a request to Chrysler Corporation in a form and manner satisfactory to Defendant.  Defendant asserts that request could have been done solely through electronic means, so long as Defendant received subsequent notice of the change. Defendant argues that its records reveal that a change was made in 2012. *Id.* at AR000033.  Defendant maintains that those facts distinguish this case from *Madole*, 48 F.Supp.2d at 27, because in *Madole* the plan participant designated his daughter as beneficiary and the insurance company had no other designation on file.

7

Defendant contends that Mr. Gerth's request to change beneficiary could have been made in any manner and form satisfactory to Defendant, including entirely through electronic means, so long as Defendant received a subsequent notice of the change.  Defendant maintains that its records show that such a change was made in 2012, at which time Plaintiff ceased to be the primary beneficiary. Citing ECF No. 10 at AR000032-33.  Defendant argues that the change could be done electronically and effectuated through Chrysler Corporation, not Defendant.  Defendant suggests that the fact that Defendant changed the designation in its computer system to reflect a new beneficiary designation as of January 18, 2012, indicates that a change was made through Chrysler Corporation and communicated to Defendant as an acceptable change.   Accordingly, Defendant asserts, it complied with the Plan documents when relying on its records eight years after the change.

Defendant next argues that, under the arbitrary and capricious standard of review, it does not need to produce additional documentation (hard copies of the signed documents) beyond its records.  Defendant states that its records constitute a reasoned explanation for paying the benefits to Tonia Lee rather than Plaintiff, particularly as there was no rival claim, when it received Tonia Lee's claim.  Defendant represents that its records indicated no reason to believe that Tonia Lee was not the sole primary beneficiary under the Mr. Gerth's life insurance policy,

which means that its decision was rational – and not arbitrary or capricious -- "based on the information presented to the plan administrator." *Zack v. McLaren Health Advantage, Inc.*, 340 F.Supp.3d 648, 664 (E.D. Mich. 2018).

Defendant concludes by stating that it did not act arbitrarily or capriciously when it denied Plaintiff's claim submitted after paying out the benefits to Tonia Lee. Defendant asserts that Plaintiff provided no basis for challenging the accuracy of Defendant's records (such as the absence of a change of beneficiary form at Chrysler Corporation?), including (until the Motion for Judgment) any argument that Defendant failed to comply with Plan documents.  Defendant cites *Harmon v. Harmon*, 962 F. Supp. 2d 873 (S.D. Tex. 2013), to support its contention that it complied with its duties under the Plan when issuing the benefits to Tonia Lee and denying Plaintiff's claims.

In *Harmon*, the plaintiff used a designation form to name his wife as primary beneficiary under a life insurance policy issued by Defendant. *Id*. at 876. Years later, his daughter was named as primary beneficiary, "but exactly how that happened [was] unclear." *Id*. at 877. The evidence of the change was "a computer screenshot documenting that the beneficiary change took place" and a spreadsheet vaguely suggesting the change. *Id*. After the plaintiff died, Defendant paid benefits to his daughter, so his widow brought an action against Defendant, arguing as Plaintiff

does here: it was arbitrary and capricious to pay the benefits to the later-designated beneficiary when Defendant "did not have written documentation designating her as the beneficiary." *Id*. at 886.

The *Harmon* court rejected the plaintiff's argument. There, as here, the Plan documents allowed a change of beneficiary to be made via electronic means by the policyholder. *Id*. The court observed:

> In the end, MetLife chose to follow the most recent records it had from the third-party administrator, which showed that [the daughter] was the last named beneficiary. Those records were merely computer screenshots and may not have been as reliable as certain other forms, but they nonetheless provided substantial evidence from which MetLife could make a decision. The law does not require that MetLife base its decision by a preponderance of the evidence, but merely by more than a scintilla.

*Id*. at 887.

Defendant argues that the result here should be no different, stating that it made a benefits determination based upon the records it had available to it. Plaintiff responds that *Harmon* is distinguishable because the administrator's record actually showed a date upon which the beneficiary change was made, whereas "no such information [is] present in the pending matter." Defendant's records, however, reflect that as of January 18, 2012, Tonia Lee was Mr. Gerth's sole primary beneficiary and Plaintiff was the sole contingent beneficiary. ECF No. 10 at AR000033.

## V.    CONCLUSION

Although Defendant did not produce a hard copy of a document signed by Mr. Gerth designating Tonia Lee as beneficiary (which likely would be in the personnel file maintained by Chrysler Corporation), Defendant's Motion for Judgment is granted.  Defendant's records reflect that Tonia Lee was designated as sole primary beneficiary as of January 18, 2012.  Defendant was reasonable and rational in relying on those records when approving Tonia Lee's claims shortly after Mr. Gerth's death because their records identified her as the sole primary beneficiary, and they had no rival claim or reason to think that Mr. Gerth intended that the life insurance benefits go to any other individual than the one he designated.  There is no reason to conclude that Defendant modified the beneficiary designation from Plaintiff to Tonia Lee (who was not previously named as a beneficiary) absent an indication from Chrysler Corporation that Mr. Gerth had changed his beneficiary designation in or about January 2012.   And, even if the change should not have been made (or was erroneously made), Defendant's reliance on its records to approve Tonia Lee's claim for Mr. Gerth's life insurance benefits was rational and reasonable (and not arbitrary and capricious) in light of Tonia Lee being the designated beneficiary according to their records.

Accordingly, for the reasons stated above,

11

IT IS ORDERED that Plaintiff's Motion for Summary Judgment [ECF No. 11] is DENIED.

IT IS FURTHER ORDERED that Defendant's Motion for Judgment [ECF No. 13] is GRANTED.

Judgment shall be entered accordingly.


Dated: September 30, 2022          s/Denise Page Hood
                                   DENISE PAGE HOOD
                                   UNITED STATES DISTRICT JUDGE